## Mankedick et al. *v.* The Consolidated Coal and Lime Company.

[No. 3,164.    Filed May 17, 1900.    Rehearing denied June 21, 1900.]

BOND. — *Action.* — *Pleading.* — A contract with a city for certain sidewalk improvements provided that the work should be completed at a specified time. The bond given to secure the performance of the contract stipulated that any extension by the city of the time for the completion of the work should in no way release the sureties on the bond. The work was not completed within the time specified, but upon its completion it was approved and accepted by the city. *Held,* in an action on the bond by a material man for the value of materials furnished the contractor at a time subsequent to the time named for the completion of the work, that it was not necessary for the complaint to aver an extension of time by the city, and that there need be no finding of such extension other than that the work had been completed under the contract and accepted.

From the Marion Superior Court.    *Affirmed.*

*W. W. Spencer* and *E. P. Ferris,* for appellants.
*L. D. Hay* and *J. W. Bowlus,* for appellee.

Comstock, J.—Appellee (plaintiff below) sued appellants upon a bond executed by them to secure the performance of a written contract entered into by Charles H. F. Mankedick with the city of Indianapolis for paving certain sidewalks in said city. A stipulation of the contract was in the following language: "Said party of the first part hereby agrees to pay any and all moneys due to any contractor or to any person or persons furnishing any material whatever and to pay any laborers employed for any work done in the prosecution of said improvement." The written contract and the bond were executed on the 11th day of September, 1896. By the terms of the contract, the appellant Manke-

dick agreed to complete said work "by November 15, 1896". The following were the conditions of the bond: "The conditions of the above obligation are such that if the above named party of the first part (Mankedick) shall faithfully comply with the foregoing contract made and entered into September 11, 1896, with the city of Indianapolis, Indiana, and shall fulfil all the conditions and stipulations therein contained, according to the true intent and meaning thereof in all respects, then this obligation to be void; otherwise to be and remain in full force and virtue in law. And in the event the city shall extend the time for the completion of said work, such extension shall not in any way release the sureties on this bond."

It is averred that in the execution of the contract, and the completion of the improvement, defendant Mankedick purchased of the plaintiff necessary material to be used in the work, and that the same was used by him in the completion of the improvement; that the fair value of said material was $449.89, and which remains due and wholly unpaid. A bill of particulars of the articles furnished was filed as an exhibit with the complaint. It was alleged that the work had been completed to the approval and acceptance of the city civil engineer and the board of public works of said city, and that the assessment roll therefor was done and completed upon the 16th day of July, 1897.

Defendants separately answered (1) by general denial, and (2) payment. For third paragraph Rankin separately answers that the plaintiff is not the real party in interest. In a fourth paragraph, Rankin answered that there was no consideration for the contract "on which plaintiff seeks to recover as between plaintiff and this defendant, Henry Rankin." To these paragraphs of answer appellee replied by general denial. At the request of appellants the court made a special finding of facts and stated conclusions of law thereon. Upon the conclusions of law judgment was rendered in favor of appellee against the defendants for $350.

Appellants severally assign errors as follows: The court erred (1) in overruling the separate and several demurrers to the complaint; (2) in overruling the separate and several motions for a new trial; (3) that the court erred in the conclusions of law as excepted to by Henry Rankin.

In support of the first specification of errors, it is insisted that the complaint is defective because it does not show that the city extended the time for the completion of the work. Counsel claim that such showing is necessary because the work was to have been completed by the 15th day of November, 1896, and that the articles for which it is sought to hold appellants liable were not furnished until June, 1897, a period beyond the time at which Rankin as surety had contracted to be bound. This bond provided that an extension of the time should not release the surety. Whether the extension should be made verbally, or in writing, is not stated; so the extension could be granted in either form. The objection is not well taken, because the surety contracts to be bound for the faithful performance upon the part of his principal of the contract, whether he completed the work by the 15th of November, 1896, or was given further time. For this reason no allegation that the time had been extended was necessary.

The complaint proceeds upon one definite theory, and we need not, therefore, refer to the numerous authorities cited by counsel for appellant to the effect that the pleader is held to one definite theory.

There are three reasons given in the motion for a new trial, viz., the special findings of facts are contrary to the evidence, are not sustained by the evidence, and are contrary to law. Counsel for appellants do not discuss these reasons, but an examination of the record shows that the special findings of facts are fully sustained by the evidence.

It is insisted by counsel for appellants that the third specification of error, that the court erred in its conclusions of law, should be sustained, because there is no special find-

ing that the time for the completion of the work had been extended. The contract in question was with the city to do certain work; the bond was given to secure its performance and the payment by Mankedick for the labor performed and the material used in the work. The bill of particulars informed appellants as to the items and amount of damages claimed on account of the breach, but is not the basis of the action. While the contract named the time for the completion of the work, the bond executed at the same time, and which must be considered with the contract, provided in advance for an extension of the time. It is specially found that the work was commenced in the fall of 1896; that it was completed under the contract and accepted by the city authorities on the 10th day of July, 1897. All the material allegations of the complaint are found to be true. Had a material change been made in the terms of the contract not provided for either in the bond or contract, without the consent of the surety, such change would have released the surety. Counsel for appellants cite many authorities in support of this principle of law. But the only change made was stipulated for in the bond. See *Higgins* v. *Quigley,* 23 Ind. App. 348, and authorities there cited.

Judgment affirmed.